**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| SHAWN MICHAEL ROBINSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:13-00073-CMC-JRM |
| ) | |
| v. ) | |
| ) | |
| S.C. DEPT. OF MENTAL ) | |
| HEALTH; DWIGHT GREEN, ) | |
| ROBERT VICK, and LEONARD ) | **REPORT AND RECOMMENDATION** |
| RAMSEY, S.C. PUBLIC SAFETY ) | |
| OFFICERS; LT. ROSALIND ) | **AND** |
| DENDY; CPL JARVIS BORUM; ) | |
| INVEST. JAMES M. KOONS; ) | **ORDER** |
| SCDMH SECURITY OFFICERS ) | |
| ERIC ROTENBERRY; BENJAMIN ) | |
| WILLIAMS, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983 on January 8, 2013.[1] Plaintiff is involuntarily committed to the Sexually Violent Predator Treatment Program ("SVPTP") at the South Carolina Department of Mental Health ("SCDMH") pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170. Plaintiff appears to allege constitutional claims pursuant to 42 U.S.C. § 1983, and claims under South Carolina law.[2]

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

[2] The federal court is charged with liberally construing the complaints filed by pro se litigants, (continued...)



Defendant Dendy[3] filed a motion to dismiss on July 16, 2013. Defendant SCDMH also filed a motion to dismiss on July 16, 2013. Because Plaintiff is proceeding pro se, he was advised on July 19, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motions could result in the dismissal of his complaint. Plaintiff did not file responses to these motions. James Gibson, another SVPTP resident, filed a letter in which he stated that Plaintiff went into a psychotic rage two days after receiving the Roseboro order, was placed in lockdown until at least July 21, 2013, and was not in the state of mind to defend himself. ECF No. 37. On October 31, 2013, the undersigned ordered that Plaintiff advise the Court as to whether he wished to continue the case and to file a response to Defendants' motions to dismiss on or before November 22, 2013. Plaintiff was warned that if he did not respond, this action would be recommended for dismissal with prejudice for failure to prosecute. On November 20, 2013, Plaintiff filed a motion to hold this action in abeyance. It appears from this pleading that Plaintiff wishes to continue to prosecute his case.[4]

1.   Motion for Abeyance

On November 20, 2013, Plaintiff filed a pleading in which he requests that the Court "order this case into Abeyance." ECF No. 66. He appears to assert that this case should be held in abeyance because he disagrees with the decision of the undersigned to not appoint an attorney or a

---

[2](...continued)
to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

[3]Defendants Green and Koons joined Dendy in this motion. See ECF No. 28. On November 20, 2013, the undersigned granted the motion of Defendants Green and Koons to withdraw the motion (ECF No. 62) as to each of them. ECF No. 64.

[4]In his pleading, Plaintiff appears to make some arguments as to the motions to dismiss. This pleading has been considered by the undersigned in preparing this report and recommendation.

2



guardian ad litem to represent him in this case. Plaintiff also requests that this case be held in abeyance until the Department of Justice ("DOJ") has completed an investigation into the alleged incidents (Plaintiff asserts his civil commitment attorney submitted certain evidence to the DOJ and that an investigation is forthcoming). Defendants contend that Plaintiff's motion should be denied because Plaintiff provides no legal basis for his requests and no supporting documents, the Court properly denied Plaintiff's motions to appoint counsel, and Plaintiff's pleading is non-responsive to the issues before the Court.

Plaintiff fails to show that this action should be held in abeyance. The undersigned previously denied Plaintiff's motions for appointment of counsel and/or a guardian ad litem and Plaintiff has presented nothing new to show that he is entitled to such. Plaintiff has provided no legal basis for granting his motion for abeyance and has provided no supporting documentation. Plaintiff's motion for abeyance (ECF No. 66) is, therefore, denied.

2.  Motions to Dismiss

Defendant Dendy moves to dismiss this action against him pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5), on the grounds that Plaintiff failed to serve him. Defendant SCDMH contends that it is entitled to summary dismissal under the Eleventh Amendment.

A.  Defendant Dendy

Defendant Dendy contends that his motion to dismiss should be granted because Plaintiff failed to serve him. When a defendant challenges the manner or sufficiency of service of process, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins

3



v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)(citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996)).  Rule 4(m) provides, in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).   Further, the Local Rules provide:

> In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

Local Civil Rule 4.01 DSC.

> The Federal Rules provide that an individual may be served by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Under South Carolina Law, an individual may be served as follows:

> (1) *Individuals.* Upon an individual other than a minor under the age of 14 years or an incompetent person, by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode



>   > with some person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive service of process.
>   >
>   > *****
>   >
>   > (8) *Service by Certified Mail.* Service of a summons and complaint upon a defendant of any class referred to in paragraph (1)[individuals] or (3)[corporation, partnership, or association], of this subdivision of this rule may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt.

S. C. R. Civ. P. 4 (d).

Plaintiff completed a summons for all Defendants to be served at the Office of General Counsel, P.O. Box 485, Columbia, South Carolina 29202. ECF No. 19. Defendant Dendy asserts that this is the address for SCDMH. L. Kimble Carter ("Carter"), an SCDMH attorney, states that it is his understanding that the summons and complaint arrived in the general SCDMH mailroom by certified mail, an employee of SCDMH (not Defendant Dendy) signed the restricted delivery return receipt for the mailing. Carter states that Dendy was no longer employed by SCDMH at the time the restricted delivery return receipt was signed and that SCDMH is not authorized to accept service for Dendy. Carter Aff., ECF No. 28-1. More than 120 days have passed since the order authorizing service was entered (ECF No. 17) in this action and Plaintiff has not shown that he properly served Defendant Dendy pursuant to the applicable rules and he did not request an extension of time to do so. It is, therefore, recommended that Defendant Dendy's motion to dismiss (ECF No. 28) be granted without prejudice.



B.    SCDMH - Eleventh Amendment Immunity

Defendant SCDMH appears to argue that its motion to dismiss should be granted because it is protected from suit by the Eleventh Amendment.[5] SCDMH is protected from suit by the Eleventh Amendment which bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54; Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101–02; see also Regents of the University of California v. Doe,

---

[5]The Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 481 (4th Cir.2005) (stating in dicta that "Eleventh Amendment immunity does not limit a federal court's subject-matter jurisdiction"); Andrews v. Daw, 201 F.3d 521, 525 n. 2 (4th Cir.2000) ("Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b) (6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)."). Regardless of which rule applies, the undersigned reaches the same result.

Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether it has jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The motion to dismiss should be granted only if the "material jurisdictional facts are not in dispute" and the "moving party is entitled to prevail as a matter of law." Id.

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

6



519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[6] Thus, it is recommended that SCDMH's motion to dismiss be granted.

## CONCLUSION

Based on review of the record, it is recommended that Defendant Dendy's motion to dismiss (ECF No. 28) and Defendant SCDMH's motion to dismiss (ECF No. 29) be **granted** without prejudice.

**IT IS ORDERED** that Plaintiff's motion for abeyance (ECF No. 66) is **denied**.

Joseph R. McCrorey
United States Magistrate Judge

December 20, 2013
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[6]Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court, see S.C.Code Ann § 15–78–20(e).

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).