UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shawn Michael Robinson | ) | C/A No: 3:13-73-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS' MOTIONS IN** |
| Dwight Green; Robert Vick; | ) | **LIMINE** |
| Leonard Ramsey; Jarvis Borum; Eric | ) | |
| Rottenberry; and Benjamin Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO: CHARLES BROOKS, ESQUIRE, ATTORNEY FOR PLAINTIFF:**

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

### I.   DEFENDANTS' MOTION IN LIMINE TO EXCLUDE UNRELATED STAFF MEMBERS PRIOR INTERACTIONS WITH SVPTP WITNESSES

To exclude any and all records, documents, testimony, or other evidence concerning any interactions between any non-Defendant SVPTP staff members and other SVPTP residents besides Plaintiff Shawn Michael Robinson.  This includes, but is not limited to, prior disciplinaries, corrective actions, room searches, and other interactions, encounters, or allegations between non-Defendant SVPTP staff members and other SVPTP residents or alleged witnesses to this lawsuit. Other SVPTP residents may attempt to testify to their prior interactions with non-Defendant SVPTP staff members.  This includes testimony from residents concerning their dislike of non-Defendant SVPTP staff members and incidents involving non-Defendant SVPTP staff members and other SVPTP residents.  However, any testimony from these SVPTP residents concerning their interactions with non-Defendant SVPTP staff members or any testimony or evidence concerning any other incidents involving other SVPTP residents and non-Defendant SVPTP staff members

1

are not relevant. The basis for this Motion is that this information is wholly irrelevant to the allegations contained within the Complaint, and consequently, is highly prejudicial and is inadmissible.

Defendants rely upon Rules 401, 402 and 403 of the Federal Rules of Evidence, in support of this Motion.

## II.     DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S WITNESSES

Defendants hereby move this Court *in limine* for an Order excluding the following witness testimony from the trial in this action:

To exclude any and all testimony by SCDMH SVPTP residents Eric Passmore, Cedric White, Charles Jordan, Glenn Todd, Greg Schmoning, John McCombs, Kenneth Maloney, Kenneth Whitcraft, Michael Lawyer, Robert Mayne, and William Lasure as irrelevant under Rules 401 and 402, FRE; highly prejudicial to the Defendants under Rule 403, FRE; and for the fact that these are not competent witnesses under Rules 601 and 602, FRE.

Plaintiff has named current SCDMH SVPTP residents Eric Passmore, Cedric White, Charles Jordan, Glenn Todd, Greg Schmoning, John McCombs, Kenneth Maloney, Kenneth Whitcraft, Michael Lawyer, Robert Mayne, and William Lasure. All of these residents provided oral statements, which were memorialized in summary form. Some of these residents may not be witnesses at trial but this motion is made out of an abundance of caution because Plaintiff and his attorney have been inconsistent regarding who Plaintiff's intended witnesses are, and which witnesses will be called at trial. These residents provided oral statements concerning their alleged knowledge of the incident in question. None of these residents, however, stated that they saw the incident in question. *Id.* On the contrary, they did not witness anyone kick, punch, hit or otherwise use excessive force on the Plaintiff. *Id.* Their oral statements indicate that they have no direct

2

knowledge of, nor did they see the incident in question. *Id.* It is clear these residents do not have any personal knowledge of the incident in question; therefore, residents Eric Passmore, Cedric White, Charles Jordan, Glenn Todd, Greg Schmoning, John McCombs, Kenneth Maloney, Kenneth Whitcraft, Michael Lawyer, Robert Mayne, and William Lasure are not competent witnesses under Rules 601 and 602, FRE, and any testimony by these witnesses will be irrelevant and inadmissible under Rules 401 and 402, FRE.

### III.  DEFENDANTS' MOTION IN LIMINE TO EXCLUDE DEFENDANTS PRIOR INTERACTIONS WITH PLAINTIFF'S WITNESSES

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude any and all records, documents, testimony, or other evidence concerning any interactions between Defendants and other SVPTP residents besides Plaintiff Shawn Michael Robinson. This includes, but is not limited to, prior disciplinaries, corrective actions, room searches, and other interactions, encounters, or allegations between Defendants and other SVPTP residents or alleged witnesses to this lawsuit. Other SVPTP residents will testify to their prior interactions with Defendants. This includes testimony from inmates concerning their dislike of Defendants and incidents involving Defendants and other SVPTP residents. However, any testimony from these SVPTP residents concerning their interactions with Defendants or any testimony or evidence concerning any other incidents involving other SVPTP residents and Defendants are not relevant. The basis for this Motion is that this information is wholly irrelevant to the allegations contained within the Complaint, and consequently, is highly prejudicial and is inadmissible.

Defendants rely upon Rules 401, 402 and 403 of the Federal Rules of Evidence, in support of this Motion.

3

## IV.     DEFENDANTS' MOTION IN LIMINE TO EXCLUDE UNSUBSTANTIATED MEDICAL RECORDS OR BILLS

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude any and all medical bills or medical records, other than SCDMH medical records, related to or concerning any injury allegedly sustained by Plaintiff in the incident which occurred on or about March 24, 2011 and which is alleged in the Complaint. This includes subjective diagnoses, opinions, statements, notations, or records concerning Plaintiff's injuries that have not been authenticated by a medical provider. Any such subjective diagnoses, opinions, or statements are inadmissible as hearsay statements to the extent that they have not been authenticated. However, this does not include objective tests or records concerning the Plaintiff that are not required to be authenticated or are self-authenticating. The basis for this Motion is that no medical providers have been deposed or otherwise provided testimony in this matter to support a determination of diagnosis or injury from the incident in question. As such, any subjective statements, diagnoses, or opinions have not been authenticated and are inadmissible hearsay. In the event that medical records regarding the Plaintiff's injuries he allegedly suffered as a result of the accident at issue are admitted, any diagnosis or finding of injury must be excluded as opinions and judgments which are not admissible. Defendants rely upon Rules 401, 402, 403, 801, and 802 of the Federal Rules of Evidence in support of this Motion.

## V.     DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S INJURIES

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude any and all evidence related to or regarding any injury allegedly sustained by

4

Plaintiff in the incident which occurred on or about March 24, 2011 and which is alleged in the Complaint. The basis for this Motion is that no medical providers have been deposed or otherwise provided testimony in this matter to support a determination of diagnosis or injury. For example, Plaintiff claims he suffered a concussion and there has been no diagnosis of that in the record. In the event that medical records regarding the Plaintiff's injuries he allegedly suffered as a result of the accident at issue are admitted, any diagnosis or finding of injury must be excluded as opinions and judgments which are not admissible. Defendants rely upon Rules 401, 402, 403, 801, and 802 of the Federal Rules of Evidence in making this Motion.

### VI.     DEFENDANTS' MOTION IN LIMINE TO EXCLUDE WRITTEN STATEMENTS BY NON-PARTY WITNESSES

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude any and all written or typed statements, affidavits, journal and/or journal entries from SVPTP resident non-party witnesses alleged to have witnessed the incident alleged in the Complaint, except for purposes of impeachment. These documents are inadmissible hearsay, irrelevant, self-serving, and needlessly cumulative to testimony provided by these witnesses. These non-party witnesses were interviewed in this case as to the facts and circumstances surrounding the incident which occurred on or about March 24, 2011 and which is alleged in the Complaint. These non-party witnesses can testify at trial in the same manner. Therefore, the admission of any and all statements, affidavits, journal and/or journal entries that were completed by these non-party witnesses following the incident is wholly unnecessary, except for impeachment purposes. Defendants rely upon Rules 401, 402, 403, 607, 608, 801, and 802 of the Federal Rules of Evidence in support of this Motion.

**VII.    DEFENDANTS' MOTION IN LIMINE TO EXCLUDE HEARSAY EVIDENCE**

Defendants move *in limine* to exclude any hearsay testimony regarding any medical treatment Plaintiff received following the March 24, 2011 incident alleged in the Complaint, the cause of Plaintiff's alleged injury arising out of that alleged incident, and the nature and severity of any injuries Plaintiff sustained as a result of the alleged March 24, 2011 incident. The Plaintiff repeated a number of conversations he had with other SVPTP residents, SVPTP officers and employees, and medical providers regarding facts concerning the alleged incident, his treatment following the alleged incident, and the nature and severity of his alleged injuries resulting from the alleged incident. Any testimony by the Plaintiff with regard to the nature of any of these alleged conversations or statements or the content of these alleged conversations or statements would be inadmissible hearsay, and would deprive Defendants of an opportunity to question these alleged witnesses. The only things to which Plaintiff should be able to give testimony is that for which he as firsthand knowledge and memory.

Defendants rely on Rules 801, 802, 401, 402 and 403, Federal Rules of Evidence, in making this motion.

**VIII.   DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ACQUITTAL OR *NOL PROSSE***

Defendants move *in limine* to exclude any testimony regarding Plaintiff's acquittal of his criminal charges filed against him in conjunction with the incident alleged in the Complaint on March 24, 2011. Plaintiff was criminally charged with in a total of six indictments for four counts Assault and Battery Third Degree, Malicious Injury to Personal Property, and Threatening the Life of a Public Official. All charges were *nol prosessed* by the Solicitor, except the Threatening the Life of a Public Official charge, which proceeded to a jury trial in Richland County General Sessions Court. The Plaintiff was acquitted on that charge.

6

Plaintiff repeatedly asserts in his pleadings that because he was acquitted of criminal wrongdoing at the State Court level within the Court of General Sessions, then Defendants must be held civilly liable for excessive use of force against Plaintiff. This is an improper argument, and does not comport with the Federal Rules of Evidence. The South Carolina Supreme Court has held that evidence of non-prosecution or acquittal of criminal charges is generally irrelevant and immaterial in a civil case. *See Brown v. Allstate Ins. Co.*, 344 S.C. 21, 24 (2001). Such evidence goes to the principal issue before the court and is highly prejudicial. Additionally, a prosecutor's decision not to prosecute and a jury's decision to acquit in a criminal trial are based on different criteria than those that apply in a civil proceeding. *Rabon v. Great Southwest Fire Ins. Co.,* 818 F.2d 306 (4th Cir. 1987). "In particular, a prosecutor's decision to *nolle prosse* may take into account many factors irrelevant in a civil suit, such as the higher standard of proof required for a criminal conviction." *Id. Therefore, any evidence of Plaintiff's acquittal or the prosecutor's decision to nolle prosse Plaintiff's criminal charges are irrelevant and inadmissible.*

Defendants rely on Rules 801, 802, 401, 402 and 403, Federal Rules of Evidence, in making this motion.

## IX.     DEFENDANTS' MOTION IN LIMINE TO EXCLUDE DEFENDANTS' PERSONAL INFORMATION

Defendants hereby move this Court *in limine* for an Order prohibiting the eliciting personal information of the Defendant witnesses from the trial in this action:

To exclude any and all personal information to include, but not limited to, date of birth, residential address(es), social security number(s), telephone number(s), or any other personal and confidential information relating to the Defendants or their families. The basis for this Motion is that Defendants' personal information is wholly irrelevant to the allegations contained within the Complaint, and consequently, are inadmissible. Defendants are employees or former employees

7

of the South Carolina Department of Mental Health, employed within the Sexually Violent Treatment Unit Program, and responsible for the security operations of a facility housing registered sex offenders who have been adjudicated as sexually violent predators.   Thus, revelation of their personal information poses a significant security threat to these Defendants and their families, and any evidence of their personal identifying information is not relevant.

Defendants rely upon Rules 401, 402 and 403 of the Federal Rules of Evidence, in support of this Motion.

Respectfully Submitted,

*s/ Daniel R. Settana, Jr.*
Daniel R. Settana, Jr., FED ID #06065
Temus Miles, FED ID #10753
McKay, Cauthen, Settana & Stubley, P.A.
1303 Blanding Street
P.O. Drawer 7217
Columbia, SC   29202
(803) 256-4645
Attorneys for Defendants

Columbia, South Carolina
January 7, 2014